Neel, J.
This case is an administrative appeal brought by plaintiff Anthony Sacco III (“Sacco”). Sacco seeks reversal of a decision by the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“the Board”) upholding an insurance surcharge imposed on him by defendant Premier Insurance Company (“Premier”). For the reasons set forth below, this court sets aside the decision of the Board.
BACKGROUND
On January 12, 1994, at approximately 5:00 PM, Sacco was involved in a motor vehicle accident on Peach Orchard Road in Burlington, MA. As Sacco drove downhill, his car began to slide on a patch of ice and snow in the road. He was unable to stay with the road as it curved to the right; he slid to his left across the road and stopped in a snowbank on the left-hand side of the road. A Dodge van coming from the opposite direction then collided with Sacco’s car. See Administrative Record at 2.
Premier, Sacco’s insurer, determined that Sacco had been more than fifty percent at fault in the accident, and therefore imposed an insurance surcharge upon him pursuant to G.L.c. 175, §113P. Sacco appealed this decision to the Board. A hearing was held on June 29, 1995, and the Board subsequently issued its decision upholding the surcharge. The Board rested its decision on the conclusion that “appellant [Sacco] did bear the burden of care under the specific circumstances ... and failed in exercising due care . . .” Administrative Record at 3.
DISCUSSION
Judicial review of the Board’s decision is governed by G.L.c. 30A, §14. See G.L.c. 175, §113P. This court may affirm the decision of the Board, remand the matter for further proceedings, or set aside or modify the decision if it determines that the substantial rights of a party may have been prejudiced because of an error of law, or because the decision is unsupported by substantial evidence, is unwarranted by the facts found in the record, or is arbitrary, capricious or an abuse of discretion. G.L.c. 30A, §14(7). “Substantial evidence” is that which a reasonable mind might accept as adequate to support a conclusion, Deacon Transportation, Inc. v. Department of Public Utilities, 388 Mass. 390, 395 (1983). The court will not substitute its judgment for that of the agency where there is substantial evidence to support the agency’s decision. See Boston Edison Company v. Boston Redevelopment Authority, 376 Mass. 151, 154 (1978).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court must give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992).
In the instant case, the decision of the Board was unsupported by substantial evidence. The administrative record shows that there had been snowfall of between eleven and nineteen and one-half inches in *151 the area during the week before the accident. There is no dispute that Sacco’s car was travelling downhill, going into a curve, under treacherous conditions, and that the car struck a patch of ice and snow that was in the road. The only basis offered by the Board for its conclusion that Sacco was not exercising due care is that “the amount of damages to the vehicles involved” was “not consistent” with Sacco’s statement that he was going only ten miles per hour when he lost control of his car. Administrative Record at 3. Despite this court’s deference to the Board’s expertise, this is an insufficient basis for the conclusion that Sacco did not exercise due care under the circumstances. Other factors, such as the speed of the Dodge van also involved in the accident, had an effect on the amount of damage that resulted. In short, given the snowy and treacherous conditions at the time of the accident, substantial evidence is not present to support the Board’s conclusion that Sacco was more than fifty percent at fault.
ORDER
The decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds is hereby SET ASIDE, and the imposition of the surcharge is hereby revoked.